In The United States District Court
For The District of Delaware

1

Charles F. Cardone,
    Plaintiff,

    V.

(1) Warden, DCC thomas Carroll,
(2) Anthony J. Rendina, Inmate
    Classification Administrator,
(3) Counselor Tom Aiello,
(4) Counselor Sarah Schraeder,
(5) Inmate Grievance Committeeman,
    Captain Michael McCreanor
(6) SHU Senior Correctional Counselor,
    J Simms
(7) Classification LT. Secord,
(8) Hearing Officers: LT. Williams,
    LT Forbes: Defendants

Order to Show Cause

For a Preliminary

Injunction / And

A Temporary

Restraining Order

Civil Action No.:

06-646 ***

Upon the complaint, the supporting affidavit
of Plaintiff, and the enclosed supporting documents /
letters / exhibits submitted herewith, it is :
    ORDERED that the defendants Warden, Del-
aware Correctional Center, thomas Carroll, et al., show
cause in room _____ of the United States Court House,
844 N. King Street, Wilmington, Delaware, 19801 on
the _____ day of _____ 2007 at _____ o'clock, why
a preliminary injunction should not issue pursue
to Rule 65 (a) of the Federal Rules of Civil Pr

JUN 20 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Page 2 of Cardone's request for a preliminary in-
junction / Temporary Restraining Order in Civil Action
No.: 06-646 ****...

enjoining the defendants, DCC Warden Thomas Carroll,
et al., their successors in office, agents and employ-
ees and all other persons acting in concert and par-
ticipation with them to submit the following docu-
ments to the Court and to Plaintiff:

1. Plaintiff submits his first Form #584, Grievance
Form dated August 26, 2005, for the Court's consider-
ation in support of this instant preliminary injunction/
Temporary Restraining Order. Plaintiff notes this grievance,
case #21813 was marked Non-Grievable on Aug-
ust 31, 2005, by Inmate Grievance Chairperson
Captain Michael McCreanor... Exhibit A

2. Plaintiff submits a document (Exhibit B) which is
from SHU Senior Correctional Counselor J. Simms.
this document is Counselor Simms response to my 2
(two) letters dated 8/31 and 9/22/05, in which I
ask Simms why I am in the SHU. Counselor Simms
makes no reference to a "staff assault." Exhibit B

3. Plaintiff submits his next document, (Exhibit C) which is
Mr. Rendina's response to plaintiff-petitioner's letter of
approximately sometime in February, 2006 in which
Mr. Rendina wrongfully states "I (Mr. Rendina) note
that you (plaintiff-petitioner) are court ordered to —

_Page 3_ of Cardone's request for a TRO/preliminary injunction in _Civil Action NO.: 06-646_ *** . . .

complete several programs..." . _Exhibit C_

4. _Plaintiff / Petitioner submits_ _Exhibit D_ to refute and controvert Mr. Rendina's statement in _Exhibit C_ that plaintiff is court ordered to complete several programs specific to the Delaware DOC. Petitioner is court ordered to level 5 Greentree Program and level 4 Crest program. 2 (two) programs, not several ... _Exhibit D_

5. _Plaintiff_ submits his second Form #584 Grievance Form dated May 17, 2006, for the Court's consideration in support of this instant preliminary injunction / Temporary Restraining Order. Plaintiff notes this grievance, case # 45884, is marked Non-Grievable on 6-15-06, nearly 1 month after it was stamped 5-22-06, Received ... _Exhibit E_

6. _Plaintiff_ submits, as _Exhibit F_, a December 6, 2006, letter from his trial/sentencing judge, Judge T. Henley Graves, to Warden of Delaware Correctional Center — (DCC), Warden Thomas Carroll, inquiring why plaintiff / petitioner "is not in the Greentree Program and whether there is a plan to move him into the program." _Exhibit F_ ...

_Page 4_ of Plaintiff / petitioner Cardone's request for
a T R O / Preliminary injunction in _Civil Action_
_No. 06 - 646 ***_ ...

7. _Plaintiff / petitioner_ submits as _Exhibit G_ Warden
Carroll's December 21, 2006, response to Graves'
December 6, 2006 letter of inquiry on behalf of
Petitioner Cardone. Here, once again, in Warden
Carroll's role as defendant, charges Petitioner
with a "continuing pattern of poor institutional ad -
justment" which includes multiple serious rule
infractions as well as a _May 31, 2005 assault on_
_staff._" Plaintiff / Petitioner states for the Court's
consideration that because of the serious misconduct
Plaintiff / Petitioner has been charged with, as is evi -
denced by the numerous Exhibits attached to this instant
complaint and Order to Show Cause, that petitioner
has been found guilty of an alleged "staff assault",
which has placed him in solitary confinement / SHU
Maximum Confinement Status and Classification for
2 (two) years without a hearing, without benefit
of the framework, in place, for the determination
of my guilt or innocence of the "staff assault" he
has alleged to have comitted. Plaintiff / Petitioner
was not informed of misconduct charge (staff assault)
until after he was placed in the SHU on August 11,
2005 nor was he given a hearing of any kind to
face his accuser. As stated in _Exhibit B_ which
Plaintiff / Petitioner has enclosed for the Court's consid -
eration (a response by Counselor J Semms that was

Page 5 of Plaintiff / Petitioner Cardone's request for
a Temporary Restraining Order / Preliminary Injunction
in Civil Action No. 06-646 *** ...

generated by Plaintiff's letters dated 8/31 and 9/22/
05 asking Mr. Semms why I was in the SHU. Mr.
Simms states "your recent history of inappropriate be-
havior as, reflected in numerous disciplinary reports
(that have been reviewed by a disciplinary hearing officer)
since April 2005." Plaintiff has requested of the
named defendants in this instant petition before the Court
to produce my "records" so petitioner may have the
minimum requirements of Delaware Department of
Correction's stated prison disciplinary proceedings ...
the lack of, have violated, and continue to violate, to
this date, my Fourteenth Amendment's Due Process
Clause ... Exhibit G

8. Plaintiff / Petitioner submits Exhibit H, and Ex-
hibit I documents as his attempts to have Delaware
Dept. of Correction's named defendants in this instant ac-
tion before the Court to produce his disciplinary records.
As shown in Exhibit I, his attempts were denied by
Judge E. Scott Bradley in C.A. No. 07M-01-
009-ESB which is noted as Exhibit H ...

9. Plaintiff / Petitioner submits Exhibits I
through Exhibit Q in further support of
this instant petition to have Delaware De-
partment of Correction and the named de-

Page 6 of Plaintiff / Petitioner Cardone's re-
quest for Temporary Restraining Order / Prelim-
inary Injunction in Civil Action No. 06-646***

fendants to produce petitioner's records and, in the
absence of such records, to find that the proceedings
were constitutionally deficient and to hold that written
notice of the charges must be given to the disciplinary-
action defendant (Plaintiff / Petitioner) in order to inform
him (Petitioner) of the charges and to enable Plaintiff
Cardone to marshal his facts and prepare a de-
fense. Furthermore, when the records show Cardone
was not informed of the "staff assault" which he is
presently winding up the 2 year mandatory in Max-
imum Security Status and Classification, Cardone.

Prays for relief as follows :

1. Because Delaware Department of Corrections / Bureau
of Prisons and the named Defendants in this instant
action violated Hewitt V. Helms 459 U.S. 460
(1983) and more recently Sandin v. Conner, 515 U.S.
472 (1995) and Cardone's rights, Plaintiff / Petitioner
Prays for relief as follows :

    A. That the court enter judgement declaring the
    acts of defendants named violated the
    rights and of plaintiff and continue to violate
    the rights of plaintiff under the Eighth

Page 7 of Plaintiff / Petitioner Cardone's request
for Temporary Restraining Order / Preliminary
Injunction in Civil Action No. 06-646 XXX - -

States Constitution ...

B. that the Court orders the immediate release
of Plaintiff Cardone from Maximum Security/SHU
to general population status to attend court ordered
Greentree Program ...

C. that the court award general damages to plaintiff
of 50 thousand dollars ($50,000.00) ...

D. that the court award punitive damages to plaintiff
of 50 thousand dollars ($50,000.00) ...

E. that the court grant such other and further
relief to plaintiff as it deems appropriate.

by:

Charles F. Cardone, pro se
SBI #098159-DCC
Unit 18-BL12
1181 Paddock Road
Smyrna, DE 19977

Dated: June 14, 2007

I/M: C____
SBI# 098159 UNIT 18 BL12
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal
Mail

$ 01.65⁰
0004606975    JUN 19  2007
MAILED FROM ZIP CODE 19977

* attn:

Peter Dalleo

U.S. District Court
844 King St., Lockbox 18
Wilmington
DE
19801-3570

Pow-mia



Exhibit A

Exhibit A

## FORM #584

### GRIEVANCE FORM

FACILITY: _DCC_                          DATE: _AUG. 26-05_

GRIEVANT'S NAME: _Charles Cardone_       SBI#: _098159_

CASE#: _21813_                           TIME OF INCIDENT: _On Going_

HOUSING UNIT: _Bldg. (19) B8L_

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED IN THE INCIDENT OR ANY WITNESSES.

_I am court ordered to 14 years Level 5 suspended upon completion of Greentree to be followed by various Accountability Levels — LT Porter notified me in person, that I would be in my present status (SHU) for 1 year .... I have been given write-ups that I have told LT. Williams LT Savage, and LT Porter that I want to appeal these write ups .... I still am waiting for forms to appeal the Discipline Action and the Classification Action ...._

ACTION REQUESTED BY GRIEVANT: _Supply me with copies of my write ups and appeal forms — place me in a less restrictive classification until my appeals have been resolved so I, and DOC, may comply with Judge T. Henley Graves sentencing orders._

GRIEVANT'S SIGNATURE: _Charles J. Cardone_   DATE: _AUG. 26-05_

WAS AN INFORMAL RESOLUTION ACCEPTED?  _____(YES)  _____(NO)

### (COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____   DATE:_____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

April '97 REV

**RECEIVED**

AUG 3 0 2005

Inmate Grievance Office

Exhibit B



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
**DELAWARE CORRECTIONAL CENTER**
**SECURITY HOUSING UNIT**
**COUNSELOR'S OFFICE**

6
3-8-06

TO: Inmate Charles Cardone 098159                September 23, 2005
**SHU 19BL8**

I have received your letters dated 8/31 and 09/22/05. I have reviewed your file. You are
"sitting here in the SHU", as you described it because of your recent history of
inappropriate behavior as, reflected in numerous disciplinary reports (that have been
reviewed by a disciplinary hearing officer) since April 2005.

*To move forward from the SHU and eventually from Maximum Security*, **you must
demonstrate a long-term commitment and practice of positive behavior and
therefore not earn negative disciplinary write-ups!** As a matter of safety and
security, you will not be eligible to participate in Greentree programs while in Maximum
Security Housing; therefore, it would appear again to be in your best interest to not earn
negative disciplinary write-ups so that you may be considered for Greentree at a future
time.

J Simms
SHU Senior Correctional Counselor

cc:      File

Exhibit B

*Exhibit C*



**STATE OF DELAWARE**
**DEPARTMENT OF CORRECTION**
**BUREAU OF PRISONS**
245 McKEE ROAD
DOVER, DELAWARE 19904
TELEPHONE: (302) 739-5601

March 6, 2006

*Exhibit C*

Charles Cardone   00098159
Delaware Correctional Center
1181 Paddock Rd
Smyrna, DE   19977

Mr. Cardone,

I received your letter regarding your interest in an interstate transfer. There is a procedure in place for requesting an Interstate transfer. You will need to initiate this request with your Counselor. I am providing you with the proper form to begin your request. Please note that receipt of this correspondence and application form are not to be considered as a guarantee of Interstate approval.

You need to complete **section A** of the form. Upon completion, submit the form to your Counselor for review and follow up action. Please proceed with your request in accordance with the procedures in place. Direct requests from offenders are not considered.

In reviewing your sentence, I note that you are court ordered to complete several programs specific to the Delaware DOC. This fact will weigh heavily on any decision considering an out of state placement.

Sincerely,

Anthony J. Rendina
Inmate Classification Administrator

Send to law library (Brian Engram) for the address of Common Cause (John Flaherty) (LOBBYIST)

cc: File

*Exhibit D*

## Offender Status Sheet

**Date:** 11/28/2006

| | | |
|---|---|---|
| **SBI #:** 00098159 | **Name:** CHARLES F CARDONE | **Sex:** M |
| **Location(s):** DCC | **Level(s):** 5 | **Race:** WHITE | **DOB:** 02/23/1949 | **Sex Offender:** [ ] |
| **AKA:** CHARLES F CARDONE; CHARLES F CARDONE | | |
| **Offender Type:** Sentenced | **Officer(s):** | |

### Level: 5

| **Start Date:** 08/02/2004 | **MED:** 07/27/2018 | **STRD:** 03/26/2017 | **ADJ:** 03/26/2017 | **PED:** | **Statutory Days Earned:** 488.00 |

| CASE#/<br>Court/ Type | CRA#/<br>Judge | Charge Desc/<br>Sen. Type/ Sentence Date | Status/<br>Eff. Date | Length Y | M | D | Start Dt | MED | STRD | Adj Date | CR | Wk |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 0201021864 | VS0202039401 | VIOL O/PROBATN | Current | | 0 | 362 | 08/02/2004 | 07/29/2005 | 07/29/2005 | 07/29/2005 | | |
| U9 | T. Henley Graves | STANDARD | 07/29/2005 09/08/2004 | | | | | | | | | |
| 0201021864 | VS0202039101 | VIOL O/PROBATN | Current | 8 | 0 | 0 | 07/29/2005 | 07/28/2013 | 09/22/2012 | 09/22/2012 | | |
| U9 | T. Henley Graves | STANDARD | 07/29/2005 09/08/2004 | | | | | | | | | |
| 0409005091 | IS04090292IN | AGGR MENACING | Current | 5 | 0 | 0 | 07/28/2013 | 07/27/2018 | 03/26/2017 | 03/26/2017 | | |
| U9 | T. Henley Graves | STANDARD | 07/29/2005 09/08/2004 | | | | | | | | | |

**Special Conditions:**

| CRA# | Level | Code | Condition Description | Condition Comments |
|---|---|---|---|---|
| VS0202039401 | 5 | CRT1 | Other Conditions: | AS TO 02-02-0394; SENTENCED TO 1 YEAR LEVEL 5. |
| VS0202039101 | 5 | CRT1 | Other Conditions: | AS TO 02-02-0391 (ORIGINAL CHARGE = ASSAULT 2ND); SENTENCED TO 8 YEARS LEVEL 5. UPON SUCCESSFUL COMPLETION OF GREENTREE PROGRAM, BALANCE SUSPENDED FOR LEVEL 4 CREST. UPON SUCCESSFUL COMPLETION OF CREST, BALANCE SUSPENDED FOR LEVEL 3. |
| IS04090292IN | 5 | CRT1 | Other Conditions: | AS TO 04-09-0292; SENTENCED TO 5 YEARS LEVEL 5. UPON SUCCESSFUL COMPLETION OF GREENTREE PROGRAM, BALANCE SUSPENDED FOR 5 YEARS LEVEL 3. |

*Exhibit D*

Exhibit E

**FORM #584**

**GRIEVANCE FORM**

FACILITY: _DCC_                    DATE: _May 17, 06_

GRIEVANT'S NAME: _Charles F. Cardone_   SBI#: _098159_

CASE#: _45884_                TIME OF INCIDENT: _On Going_

HOUSING UNIT: _(1) C U 4_

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

_I have been sentenced to 13 years level 5 suspended,
upon completion of Greentree and crest to be served at
level 3 probation. I have been in the SHU since June
of 2005. I was, and continue to be, denied my due process
rights to contest and appeal the write-ups for
which I am serving this time. DOC, DCC, and its agents
are violating my sentencing judge's orders._

ACTION REQUESTED BY GRIEVANT: _Place me in court ordered_

_Greentree Program ..._

GRIEVANT'S SIGNATURE: _Charles F Cardone_    DATE: _5-17-06_

WAS AN INFORMAL RESOLUTION ACCEPTED?    _____(YES)   _____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____    DATE:_____

**IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.**

cc: INSTITUTION FILE
    GRIEVANT

April '97 REV

RECEIVED

MAY 2 2 2006

Inmate Grievance Office

*Exhibit F*

**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

T. HENLEY GRAVES
*RESIDENT JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5257

December 6, 2006

Thomas Carroll
Warden
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

RECEIVED
DEC 1 1 2006
BY:

Re: Def. ID# 0409005091A

Dear Warden Carroll:

On July 29, 2005, Mr. Cardone was sentenced to level V with the condition that his sentence be suspended upon completion of the Greentree Program. This was an "addiction" sentence, meaning there was an expectancy he would be promptly considered for Greentree. I realize Mr. Cardone may be a difficult person to manage, but nevertheless, can you advise why he is not in the Greentree Program and whether there is a plan to move him into the program? Thank you.

Very truly yours,

T. Henley Graves

THG:tll

cc:    Prothonotary's Office
       Paula T. Ryan, Esquire, Department of Justice
       Michael R. Abram, Esquire
       Charles Cardone, DCC



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
**OFFICE OF THE WARDEN**
**DELAWARE CORRECTIONAL CENTER**
1181 Paddock Road
SMYRNA, DELAWARE 19977
Telephone: (302) 653-9261
Fax: (302) 653-2855

December 21, 2006

The Honorable T. Henley Graves
Superior Court - Sussex County
Sussex County Courthouse
Race & Market Streets
Georgetown, DE 19947

RE: Inmate Charles Cardone #00098159

Dear Judge Graves:

This will acknowledge receipt of your letter of December 6, 2006 regarding Charles Cardone, an inmate housed at the Delaware Correctional Center.

Please be advised that Inmate Cardone is, pursuant to Bureau of Prisons policy, currently classified to Maximum Security. This classification is the result of Inmate Cardone's continuing pattern of poor institutional adjustment. This poor institutional adjustment includes multiple serious rule infractions as well as a May 31, 2005 assault on staff. Most recently, attempts have been made to transition Inmate Cardone into a slightly less restrictive environment in hopes of enabling his eventual placement in the Greentree program. This attempt resulted in Inmate Cardone refusing to live with a cellmate and his signing on Protective Custody due to allegations of threats from other inmates.

Given his behavioral history, the speed with which Inmate Cardone is classified to the Greentree Program is directly related to his ability and willingness to comply with institutional rules. Please be assured that the institution will continue to regularly review his status in an attempt to place him in the program in a timely fashion.

Please contact me should you have any additional questions or concerns regarding this matter. Thank you.

Very truly yours,

Thomas L. Carroll
Warden

Exhibit H

IN THE *Superior* COURT OF THE STATE OF DELAWARE
IN AND FOR  *SUSSEX*  COUNTY

IN THE MATTER OF
*Charles F. Cardone*

C.A. No.

_____          *Evidentiary Hearing Requested*

for a Writ of Habeas Corpus

## MEMORANDUM IN SUPPORT OF WRIT OF HABEAS CORPUS

The above defendant submits this memorandum in support of his petition for Writ of Habeas Corpus. Petitioner states the following in support:

1. The Criminal Action Number in this case is $ID^{#}0409005091A$.

2. Your petitioner is being unlawfully restrained of his liberty, in violation of the laws of the State of Delaware, by reason of *See attached Papers*

_____

_____

_____

WHEREFORE, petitioner prays the petition issue and the writ granted.

*Charles F. Cardone*

Delaware Correctional Center
1181 Paddock Road
Smyrna, DE. 19977

Dated: *Jan. 11, 2007*

Exhibit H

In The Superior Court of the State of Delaware
In And For Sussex County

Catalog #1-3 copies

In The Matter of

Charles F. Carson                    C.A. No.

"Evidentiary Hearing Requested"

For a Writ of Habeas Corpus

Memorandum In Support of Writ of Habeas Corpus

The above defendant submits this memordam in sup-
port of his petition for Writ of Habeas Corpus. Petitioner
states the following in support:

1. The Criminal Action Number in this case is ID# 0409005091A

2. Your petitioner is being unlawfully restrained of his
liberty, in violation of the laws of the State of Delaware
and the laws of the Constitution of these Unitate States,
and the rules and policies of Delaware's Department
of Corrections of the place of the present incarceration
of this petitioner, Delaware Correctional Institution,
"DCC"... Furthermore,

3. Petitioner has an absolute right to not be housed
in Maximum Security (SHU and/or MHU) on groundess
Charges; and, to be restored to his Medium Security
housing to be able to complete and fulfill his
court ordered and court sentencing of July 29, 2005,

Continued ⟶

Page 2 of Charles Cardone's Memorandum in Support
of Writ of Habeas Corpus, dated Jan. 11, 07

(Atalog # 1-3 copies)   2

which explicity states that petitioner be sentenced
to 13 years at Level 5 incarceration suspended after
successful completion of the Greentree Program, balance
suspended after successful completion of the Crest Pro-
gram, balance to be served at Level 3 (three) probation.
Petititioner has no alternate, adequate legal remedy.
Petitioner has submitted numerous grievance forms
(prison in house grievance procedures), postal letters to
Warden Thomas Carroll, Classification Administrator Ant -
hony Rendina (of DCC) various Counselors (Simms, Forbes-
Shrader, Ms. Johnson, and lastly, Counselor Aiello.
Petitioner has had no response from any of the above
mentioned and named agents of DCC...

4. When this petitioner has no other adequate remedy
in law, the Superior Court may issue a writ of man-
damus directing prison officials to perform a specific
duty or refrain from violating inmates rights.
Ross V. DOC, Del. Super. 722 A. 2d 815, 819 -20-
(1998)...

5. Placement of petitioner in Maximum Security Seg-
regation on groundless charges or innappropriate
criteria violates both the United States and Del-
aware Constitution, and state-created Liberty
Interest. Austin V. Wilkinson, 189, F. Supp. 2d 719,
730-32 (N.D. Ohio 2002), aff'd 372 F. 3d 346,
Cert. granted, 543      (2004). (Con't →

Page 3 of Charles Caroline's Memorandum in Support
of Writ of Habeas Corpus, dated Jan. 11, 07

(Catalog # 1 - 3 copies)   3

— The Supreme Court has held that this "liberty interest in
avoiding particular conditions of confinement may arise
from state policies or regulations." Wilkinson v. —
Austin, 125 S. Ct. 2384, 2393-96 (2005) (post-
Sandin). The Court held that this is especially so
if the inmate is "singled out for insufficient reason."[1]
Id. at 2396 (the groundless, insufficient reason is
the result of retaliation and clarified in point 2
of petitioner's submission to this Court.

Today's date is Jan. 11, 2007. On May 23, 2005,
petitioner was transfered to this prison (Delaware
Correctional Center) from Sussex Correctional Center in
Georgetown, Delaware. While in pre-trial status at
"SCI" from September 7, 2004 until petitioner's trans-
fer to "DCC", he was assaulted by SCI correctional
officers on 3 separate occasions. Petitioner's trans-
fer was "diesel therapy" retaliation meant to dis-
rupt petitioner's life and at the same time re-
locate him to DCC where he would be classified
and segregated as a troublemaker. The aforementioned
was done, also, to distance petitioner from SCI's
pre-trial general population because on May 19,
2005 he wrote a demand letter to Troop 4 Delaware
State Police requesting attempted murder charges
be placed on 2 of SCI's corrections officers in
the 3rd of the 3 beatings on petitioner. 2-3 days
later, on May 23, 2005, petitioner was taken to

(Con't) ⟶

Page 4 of Charles Cardone's Memorandum in Support
of Writ of Habeas Corpus, dated Jan. 11, 07

(Catalog #1 - 3 copies)    4

— DCC in Smyrna, Del., still on pre-trial status.

6. While still on pre-trial status at DCC between
the day petitioner arrived at DCC on May 23, 2005 and
the day he was ultimately sentenced on July 29, 2005,
petitioner was classified to Maximum Security Housing
(SHU) pre-trial detainee status on the groundless
charge and insufficient reason of assault on a cor-
rections officer. Petitioner at no time had any for-
mal hearing on this and other groundless charges. To
this date, Jan. 11, 2007 and from August 11, 2005,
petitioner has been classified to Maximum Security sta-
tus (SHU). Furthermore, pursuant to a Delaware
Correctional Center — Memorandum dated September 6,
2006, signed by Counselor AIELLO from I.B.C.C.
my M.D.T., who, petitioner has never seen or
spoken with, has classified petitioner and recommen-
ded me to "Con't Max/SHU until 8/07." I.E.,
petitioner shall be in his present maximum secur-
ity housing status until August of 2007. Petitioner
will have spent 24 months in his present
Maximum Security Status. (SHU and MHU) with-
out any in house hearings. This erroneous and ground-
less classification has abrogated my trial Judge's
sentencing orders of July 29, 2005.

(Con't) ⟶

of Writ of Habeas Corpus, dated Jan. 11, 2007

(Catalog # 1-3 copies)   5

——— Wherefore, petitioner prays this issue and this
Writ of Habeas Corpus granted

Charles F. Cardone
SBI # 098159
Del. Correctionel Center
1181 Paddock Road
Smyrna, DE 19977

Dated: Jan. 11, 2007

CC    Dept. of Justice
Paula Ryan DAG
114 E Market St.,
Georgetown, DE
19947

Mailed from DCC Jan. 12, 07
by Pay to

**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

E. SCOTT BRADLEY
JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5256

Exhibit I

January 17, 2007

Charles F. Cardone
SBI#00098159
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

     Re:   C.A. No. 07M-01-009-ESB
           Writ of Habeas Corpus

Dear Mr. Cardone:

The Court is in receipt of your Petition for Writ of Habeas Corpus filed January 16, 2007. You were sentenced on July 29, 2005. As to criminal action number 04-09-0292, you were sentenced to five (5) years at level V suspended upon successful completion of the level V Greentree Program for five (5) years level III probation. Therefore, you are being held pursuant to a lawful order of the Court. The Department of Correction has advised that you have not been classified to the Greentree Program based upon the extremely high risk assessment score you received as a result of your behavior and performance.

You are not being illegally detained, therefore, your Petition for Writ of Habeas Corpus is without merit and is denied. IT IS SO ORDERED.

Very truly yours,

E. Scott Bradley

ESB:tll

cc:   Prothonotary's Office (Civil Unit)
      Prothonotary's Office (Criminal Unit 0409005091A)

TO: Inmate _Charles Gordon_ SBI# _098159_ , Housing Unit _SHU_
VIA: Counselor _Aiello_
FROM: I.B.C.C.
DATE: _9/5/06_
RE: Classification Results

Catalog
3 copies

Your M.D.T. has recommended you for the following: _Cont max/SHU_

The I.B.C.C.'s decision is to: _Exhibit J_  06-646

✓ Approve _____
_____ Not Approve _____
_____ Defer _____
_____ Recommend _____
_____ Not Recommend _____

## BECAUSE:

_____ Lack of program participation      _____ Time remaining on sentence
__✓__ Pending disciplinary action      _____ Prior failure under supervision
_____ Gradual phasing indicated      __✓__ Poor institutional adjustment
_____ Open charges      _____ Serious nature of offense
_____ Prior criminal history
_____ Failure to follow your treatment plan in that you _____

_____ You present a current and continuous danger to the safety of staff, other inmates, or the good order of the Institution. Explanation: _____

OTHER: _200 8/07_ _____

## ADDITIONAL COMMENTS:

_____ Develop/continue treatment plan with counselor

You will be expected to address the following: _____

Copy to: Classification
     Inmate                          Form #456
     Institution File               Revised 11/97

TO: Deputy Warden Dave Pierce

JAN 0 9 2007

18 BL12

✳— Exhibit K —✳

DEPUTY WARDEN I

Sir: The other inmates tell me you are in charge of these buildings back here, 1.E. the MHU, SHU, and PC... here's my story — Several months ago

Exhibit K

Charles E. Cardone
SBI#098159
Delaware Correctional Center
1182 Paddock Road
Smyrna, DE 19977

Secord and Counselor Schrader come see me about my points...

LT. Secord starts showing me classification papers with points and how DOC has arrived at those point totals... I told Secord the reasons the DOC had used to arrive at those points were wrong, that I had my sentencing hearing transcripts to controvert and refute the information DOC was using to arrive at my points totals. I then requested that he (Secord) send allow me to access to DOC records so I may correct misinformation contained in my files. The both of them agreed to send me, or allow me to see my files for correction purposes. Since that meeting, I have written to LT. Secord, Ms Forbes (Schrader), Anthony Rendina, Cindy Wright, Warden Carroll, Stan Taylor... No one will allow me access to my records. This is the reason for this letter... on Friday, Jan 5, 07, Secord and Aiello were on the wing... I had just gotten Aiello's lame, written excuse why I could not see my records... Secord comes over and we start having words and Secord says to me through the door, "If this was the old days, I'd come in there and beat your ass," then he and Aiello walked away giggling take the rather than

talking about me having access to my records. — I guess you could call this letter to you a complaint... I wanted you to know what, and how, LT. Secord and Aiello are handling my situation. The 2 of them are 2 more defendants I will name in my pending civil lawsuit in Wilmington (Delaware) federal court for refusing me access to my records.

In another situation... I came to B wing on November 12, 06... Sgt. Walker brought me a TV 2 weeks later, Nov. 25,... he slides this paper to me and tells me to sign it... it says the TV is in good working order... I tell Walker to come in, hook up the TV... if it is working, I will sign the paper.... Walker then says if I don't sign the paper, I don't get the TV... I tell him no, he takes the TV and leaves. — Come ahead to Friday, Jan 5, 07... I'm getting re-shackled by Walker so I can have my visit... I ask Walker when will he bring me my TV... he says never, that I told him to shove the TV up his ass. I called him a liar ... I still have no TV... it is DOC, DCC policy for us to have TVs in our cells to ease the 47 hours, 1 hr rec/shower we must endure for our DCC infractions... Walker should not be permitted to override DOC DCC policy no matter what his reasoning is. I am requesting you, Deputy Warden Pierce to provide me with a TV in good working condition.

Respectfully Submitted,
Charles F. Cardone
SBI# 098159
Bldg (18) BL12

*Exhibits L*



*R. Cooley*
*#4*
*Catalog 3 copies*

STATE OF DELAWARE
DEPARTMENT OF CORRECTION
**OFFICE OF THE DEPUTY WARDEN**
DELAWARE CORRECTIONAL CENTER
1181 Paddock Road
SMYRNA, DELAWARE 19977
Telephone: (302) 653-9261
Fax: (302) 659-6668

TO:      IM Charles Cardone SBI# 098159 SHU 18 BL12

FROM:    Deputy Warden Pierce

DATE:    January 22, 2007

RE:      Classification and Television

---

I received your letter dated January 7, 2007, regarding your classification and television. In regards to your classification, this is an issue you'll need to discuss with your counselor. In regards to a television, your concerns have been forwarded to S/Lt. Taylor for his investigation and action.

DP/dc
Attachment
cc:    Counselor Aiello
       S/Lt. Taylor
       File

— Exhibit M —

## To:  Cardone, Charles  18BL12
## From: Counselor Aiello

I am unsure what file you were shown, but your institution file is not authorized to leave records. And I do not have the authority to allow you access to this file.  Please write to the records supervisor or the treatment administrator on this matter if my answer is not satisfactory.

5.4 - Stamps
1.95 - Pinks
1.48 - Script
2.40 - Shower
1.98 -
1.16 - Pen
4.78 - Wheel Card
4.50 - Tots
.95 - Allergy
- 2 Stoffs
14.20 - 2 postcards

2 39
2
4 78

15.00 - 1-8-07

three ply - 2 washclothes

.38
Bal

1.75
2.50
2.25
4.70
7.03

7.47
330
3

7.03

7.19
7.16
7.81

2 1.95
1.48
2.40
1.98

TO:- Counselor AIELLO

## Exhibit N

— Pursuant to DE ST TI 11 § 6535, "Prisoners of the Department shall have access to those portions of the disciplinary rules that apply to them, at times deemed reasonable and appropriate by the Commissioner. there shall be a record of charges of infractions by inmates, any punishments imposed"... I am now requesting you or the current Counselor assigned to Unit 18 BL 12, where I am currently being housed, to provide me with the disciplinary rules that have been applied to me since my transfer to Delaware Correctional Center from Sussex Correctional Institution in May 23, 2005 and I am requesting a record of charges of infractions imposed on me along with the punishments / sanctions that were / are being imposed on me as the result of those charges / infractions.

Charles F. Cardone
SBI # 098159

:- Judge T. Henley Graves — re 0409005091 A-I.D.
- Michael R. Abram, Esquire
- S/LT. Taylor
- Deputy Warden Pierce - 5-11-07
- Deputy Warden Burris
- Warden Carroll
- Commissioner Danberg - 5-11-07
- DE ACLU - Julia Graff - 5-11-07

March 14, 2007

Exhibit O

## To: Cardone, Charles 18BL12
## From: Counselor Aiello

**When the 2 years is completed I can look to classify you to Greentree provided that you score out of max. There is a catch however, if you have received multiple write-ups in the last year it is unlikely you will be approved to go to greentree. As of now your behavior will dictate where you can go.**

5/18/2007

*Exhibit P*

# To: Cardone, Charles  18BL12
# From:  Counselor Aiello

**Please re-read the title 11 quote that you sent to
me in the mail.  It specifically states that the
commissioner must be the one to authorize it and
deem it necessary.**

*Exhibit P*

TO: Counselor AIELLO - DCC          May 21, 2007

## Exhibit Q

This note is in response to your 5/18/2007 erroneous answer to my May 8, 2007 request to have access to my charges of infractions along with my punishments that were, and are, being imposed on me:

You tell me, in your 5/18/2007 note to me, to "re-read the title 11 quote"... you are wrong in your statement "that the commissioner must be the one to authorize it"... in my copy of DE ST T1 11 — §6535 West's Delaware Code Annotated Currentness (2007), it states, just like I wrote it in my May 8, 2007 note to you, "Prisoners of the Department shall have access to those portions of the disciplinary rules that apply to them, at places and times deemed rea- sonable and appropriate by the Commissioner." My 2007 copy of §6535 does not contain your phrase "the commissioner must be the one to authorize it and deem it necessary." — I shall have access to the disciplinary rules that apply to me as a result of the write-ups given to me and I shall have access to the my record of charges of infractions and the punishments Delaware Correctional Center has, and is, imposing on me as to the date of this in house note to you. This date being May 21, 2007. Furthermore, I have not received notice of the "staff assault" which sanctions of isolation classified me to the mandatory 2 years I am serving, since Aug. 11, 2005, at present. As a result of me not given a notice of that "staff assault" and not

2 given the opportunity to make whatever statement I wished in my behalf, my due process of law has been denied to me because due process requires that I be given fair notices of my offenses and chances to respond. — Counselor FIELLO, by your misquoting of title 11 §6535 to me in your 5/18/2007 note, you are denying me my requests pursuant to statute.

Charles F. Cardone
SBI #098159
DCC Prison

TO: Clerk, DE District Court                    July 1, 2007

RE: Petition for Preliminary Injunction/
Tempory Restraining Order  C.A. No.: 06-646-GMS

Sir:

Please to docket the enclosed supplemental
documents/paperwork/letters in support of my above
petition for the court's consideration. Furthermore, I
forwarded my petition via a "pay to" on June 15, 2007,
and I am asking the court if that petition has been re-
ceived and the status of that petition.

Respectfully submitted,

Charles F. Cardone
SBI# 098159-DCC



06cv646GMS

FILED

JUL - 5 2007

KGScom

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

6/22/2007

# To: Cardone, Charles 18BL12
### SBI# 098159
# From: Counselor Aiello

As of now you are clear of the staff assault as of
5/31/07.  I have spoken with my supervisor and
she said to put you in for the Greentree program
at SCI which is a 6 month program rather then an
18 month program.  You will have to sign off
protective custody in order to take part in the
program.  If you are willing to sign off PC I will
classify you next month to the program.



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
245 McKEE ROAD
DOVER, DE 19904

Carl C. Danberg                                      (302) 739-5601
Commissioner                                  Fax:   (302) 739-8221

June 19, 2007

Charles Cardone
SBI# 098159
DCC  Unit 18-B-12
1181 Paddock Road
Smyrna, DE  19977

Dear Mr. Cardone,

        I am in receipt of your letter of May 8th.

        I have forwarded your request to the Bureau of Prisons to handle.

                                Sincerely,

                                Carl C. Danberg
                                Commissioner

Cc:     Rick Kearney, BOP
        Tom Carroll, Warden
        T# 237

CCD:lmd

                                4 copies
                                   efc
                                6-24-07

TO: Rick Kearney, BOP                                    June 24, 2007

2

Dear Mr. Kearney:

Various agents of Delaware Department of Corrections, at Delaware Correctional Center, where I have been housed since May 23, 2005, have notified me that their ~~reason~~ reason for classifying me to my present Maximum Security Status is for a "staff assault" which allegedly occurred in May of 2005, and I am to remain at this status until August of 2007.

Therefore, I am requesting you to administratively review my classification and I am notifying you of my attempts to prevail on three claims which are highly significant: 1. Society expects me to be treated humanely and 2. I am to be provided with a fair disciplinary process when charges are brought against me arising out of alleged misconduct while incarcerated, and 3. to be free from false accusations by prison staff.

Expectantly, Commissioner Danberg has forwarded my request to him, to you, pursuant to his June 19, 2007, letter to me.

Sincerely,

Charles F. Cardone - SBI#098159

CC: Commissioner Danberg
      Tom Carroll, Warden

4 copies
cfc
6-24-07

Sent
7-1-07

Charles Cardon

(18)



IM Charles Z. Cordone

SBI# 098159 UNIT 18 BL/2

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977

Legal Mail

* Clerk *

U.S. District Court

844 King St., Locbbox 18

Wilmington

DE

19801-3570