IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES F. CARDONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-646-GMS |
| | ) |
| WARDEN THOMAS CARROLL, | ) |
| DEPARTMENT OF CORRECTION | ) |
| DELAWARE CLASSIFICATION | ) |
| BOARD, and ANTHONY J. RENDINA, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Charles F. Cardone ("Cardone"), is a prisoner incarcerated at the Delaware Correctional Center ("DCC"), in Smyrna, Delaware. He filed this lawsuit pursuant to 42 U.S.C. § 1983, appears *pro se,* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 11.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

Cardone alleges that on July 29, 2005, he was sentenced to fourteen years at level 5 incarceration suspended with the balance to be served at level 3 after successful completion of the Greentree Program and the Crest Program. (D.I. 1.) Cardone alleges that on August 11, 2005, he was placed in maximum security and remains there to date. Cardone alleges that he has complained to numerous prison officials regarding his housing, to no avail.

Cardone asks the court to order the defendants to place him in general population so that he may attend and complete the Green Program and Crest Program. Cardone seeks

compensatory, punitive, and psychological damages and asks that the defendants be dismissed from their positions. Also pending is Cardone's motion for injunctive relief which seeks almost identical relief as that sought in his complaint. (D.I. 15, 18, 19.)

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of

his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Because the plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. DISCUSSION

Neither Delaware law nor DCC regulations create a liberty interest in a prisoner's classification within an institution. *See* Del. Code Ann. tit. 11, § 6529(e). "'As long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)). It has thus been determined that the transfer of a prisoner from one classification is unprotected by "'the Due Process Clause in and of itself,'" even though the change in status involves a significant modification in conditions of confinement. *Hewitt*, 459 U.S. at 468 (citation omitted); *Moody v. Daggett,* 429 U.S. 78 (1976); *see also Lott v. Arroyo*, 785 F.Supp. 508, 509 (E.D. Pa. 1991) (plaintiff transferred from group home to correctional facility had no constitutionally enforceable right to participate in work release program); *Brown v. Cunningham,*

730 F.Supp. 612 (D. Del. 1990) (plaintiff's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, was not violation of plaintiff's liberty interest).

Accordingly, the decision to place Cardone in maximum security housing cannot be viewed as falling outside the scope of "the sentence imposed upon him [or] otherwise violative of the Constitution." Other than his complaints of the lost opportunity to participate in the Greentree and Crest Programs, Cardone makes no allegations that his placement in maximum security imposed an "atypical or significant hardship on [him] in relation to the ordinary incidents of prison life" so as to impinge upon his protected liberty interests. Moreover, prison inmates have no constitutional right to drug treatment or other rehabilitation programs. *Abdul-Akbar v. Department of Corr.*, 910 F. Supp. 986, 1002 (D. Del. 1995). Therefore, Cardone cannot state a claim for violation of a liberty interest created by the Due Process Clause or State law.

Finally, to the extent that Cardone attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). He cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 312 U.S. 477, 487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Wallace v. Kato,* –U.S.–, 127 S.Ct. 1091, 1097 (2007) (citing *Heck,* 312 U.S. at 486-87.)

Cardone has not alleged or proven, that his conviction or sentence was reversed or invalidated as provided by *Heck*, and therefore, has failed to state a cognizable claim.

## IV. CONCLUSION

For the above stated reasons the court finds that the complaint is legally frivolous and fails to state a claim upon which relief may be granted, and dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). The court will deny as moot the motion for injunctive relief. An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

Oct. 11, 2007
Wilmington, Delaware

FILED
OCT 11 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES F. CARDONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-646-GMS |
| | ) |
| WARDEN THOMAS CARROLL, | ) |
| DEPARTMENT OF CORRECTION | ) |
| DELAWARE CLASSIFICATION | ) |
| BOARD, and ANTHONY J. RENDINA, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 11th day of Oct., 2007, for the reasons set forth in the Memorandum issued this date:

1. The complaint is **dismissed** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as legally frivolous and for failure to state a claim upon which relief may be granted. Amendment of the complaint would be futile.

2. The motion for a preliminary injunction/temporary restraining order (D.I. 15) is **denied** as **moot**.

UNITED STATES DISTRICT JUDGE



FILED
OCT 11 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE