TO: DE District
pro-se law cle[rk]

Nov. 19, 07

FILED
NOV 26 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
PO scanned

06-646 GMS
+
Petition
Petition for TRO

Dear Sir or Madam,
I am in receipt of Mr. Dalleo's August 24, 2007, letter advising me my Motion for Preliminary Injunction and Temporary Restraining Order in CA 06-646 GMS is pending. It is now approx. 90 days later and may I suggest that a status request of the above TRO is in order? Furthermore, the Court may or may not be aware that ~~as of August 28, 2007, I was~~ of May 31, 2007, pursuant to an in house Memo from my building's Counselor Tom AIELLO, " ... you (I) are clear of the staff assault as of 5/31/07." I am enclosing hat memo for the court's consideration, as well as a copy of my June 6, 2007 response To Mr. AIELLO's memo, also, for the Court's consideration. — I have decided to submit the enclosed documents, papers, etc., that are contemporaneous to the above CA # for the Court's consideration. As 06-646 GMS and Petition for TRO/Preliminary Injunction are, at this date still

(Con't) ⟶

Page 2 of my letter to Clerk and/or    Nov. 19, 2007

pro se law clerk in re 06-646GMS + accompanying
pending Petition for TRO/Prelim Injunction ...

— pending, therefore Certificate of Service, nor, cc is
in order or required. — As to my enclosed paper —
work I have placed them in order of their dates...
and the ones that explain themselves I have not added
any explanations or clarifications to them ... the few
I feel needed some kind of explanation, I have clarified, and
should any of my submissions to the Court be not —
self explanatory or ambiguous, please advise.

Respectfully submitted,

Charles F. Cardone

SBI #098159

DCC Prison

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK OF COURT

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

August 24, 2007

TO:    Charles Francis Cardone
       SBI# 098159
       Delaware Correctional Center
       1182 Paddock Road
       Smyrna, DE 19977

   RE:   **Letters Received Dated 8/5/07 & 8/21/07**
         **CA 05-536 JJF** - *Hammone*
         **CA 06-151 JJF** — *cms*
         **CA 06-152 JJF** - *BANK*
         **CA 06-646 GMS** - *Classification + TRO...*

Dear Mr. Cardone:

       The above referenced letters were received by this office regarding your request to Magistrate Judge Thynge for a 90-day extension regarding reopening your Civil Actions (CA 05-536, CA 06-151, CA 06-152). Your request is pending before Magistrate Judge Mary Pat Thynge.

       Regarding your Motion for Preliminary Injunction and Temporary Restraining Order in CA 06-646 GMS. Your Motion is pending before District Judge Gregory M. Sleet.

       You will be advised by the Court as to any further developments in your above cases.

       I trust that this letter answers your questions concerning this matter. Nothing contained in this letter is intended to express an opinion as to the merits of any claims which you may be alleging.

                                        Sincerely,

                                        PETER T. DALLEO
                                        CLERK

/rwc

cc:    The Honorable Gregory M. Sleet
       The Honorable Mary Pat Thynge

*I signed for this on Sunday, Female C/O DIXON
August 26, 07...
at 5:55 p.m. Cfz 8-26-07*

**FORM  #584**

**GRIEVANCE FORM**

FACILITY: DCC                                    DATE: AUG. 26-05

GRIEVANT'S NAME: Charles Cardone           SBI#:  098159

CASE#:  21813                               TIME OF INCIDENT: On Going

HOUSING UNIT: Bldg. (19) B8L               IN RE: 06-646 GMS and
                                            Petition for TRO Cfc 11-19-07

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

I am court ordered to 14 years Level 5 suspended upon com-
pletion of Greentree to be followed by various Accountability
Levels — LT Porter notified me in person, that I would
be in my present status (SHU) for 1 year.... I have
been given write-ups that I have told LT. Williams
LT Savage, and LT Porter that I want to appeal these
write ups.... I still am waiting for forms to appeal
the Discipline Action and the Classification Action....

ACTION REQUESTED BY GRIEVANT: Supply me with copies of my write-
ups and appeal forms — place me in a less re-
strictive classification until my appeals have been
resolved so I, and DOC, may comply with Judge T.
Henley Graves sentencing orders.

GRIEVANT'S SIGNATURE: Charles T. Cardone    DATE: AUG. 26-05

WAS AN INFORMAL RESOLUTION ACCEPTED?        ____(YES)    ____(NO)

(COMPLETE  ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____    DATE:_____

IF UNRESOLVED, YOU ARE  ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

April '97 REV

**RECEIVED**

AUG 3 0 2005

**Inmate Grievance Office**



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
## DELAWARE CORRECTIONAL CENTER
## SECURITY HOUSING UNIT
## COUNSELOR'S OFFICE

(6)
3-8-06

TO: Inmate Charles Cardone 098159          September 23, 2005
## SHU 19BL8

I have received your letters dated 8/31 and 09/22/05. I have reviewed your file. You are "sitting here in the SHU", as you described it because of your recent history of inappropriate behavior as, reflected in numerous disciplinary reports (that have been reviewed by a disciplinary hearing officer) since April 2005.

*To move forward from the SHU and eventually from Maximum Security*, **you must demonstrate a long-term commitment and practice of positive behavior and therefore not earn negative disciplinary write-ups!** As a matter of safety and security, you will not be eligible to participate in Greentree programs while in Maximum Security Housing; therefore, it would appear again to be in your best interest to not earn negative disciplinary write-ups so that you may be considered for Greentree at a future time.

J Simms
SHU Senior Correctional Counselor

cc:     File

RE: 06-646 GMS and
Petition for TRO... Cfe 11-19-07

To the Court: I was placed in the SHU on
August 11, 2005 to begin my 2 year "mandy" sentence
for the "staff assault" that this above counselor
was still outside of the ring of collusion
by and of the agents of Delaware Department
of Corrections at Sussex Correctional Institution
and Delaware Correctional Center where I am
housed, and have been housed since my "diesel
therapy" transfer of May 23 2005. Cfe 1-19-07

Counselor Simms obviously was not informed or included in the collusion at the date of his response to my letters - September 23, 200:

cfe
11-19-07

* this is a copy of my letter I sent to Anthony ~~April 20, 06~~
J. Rendina, a Dept. of Corrections DE Classification Administrator
at 245 McKee Rd, Dover, on 4-13-06...

　　　　　　　　　　　　※ — RE: 06-646 GMS and ※
Dear Mr. Rendina:　　　　　　Petition for TRO  ~~cf~~ 11-19-0'

On March 21, 2006, I was taken from Bldg 21 to Unit 18 I-
solation, for 15 days until 4-4-2006. I am now in 18 C 114 -
transfer status. I did the 15 days for a write-up (one of several, to
date that I was not given appeal hearings as I requested of LTs. —
Savage and Williams) that occurred in June of 2005 while I was
still in detainee status. Furthermore, while I spent approx. 6
months in SHU 19 I served several sanctions Loss of all priv-
ilages. this is my first opportunity (using a borrowed pen) to con-
trovert a statement to me in your March 6, 2006, letter to me in
response to my inquiry re interstate transfer... my sentencing or-
ders from Judge Graves are as follows: "13 years level 5. Upon
successful completion of Greentree Program, balance suspended
for Level 3 probation." Your statement "In reviewing your sen-
tence, I (you) note that you (I) are court ordered to complete
several programs specific to the Delaware Dept. of Corrections,"
is completely in error. Perhaps now, via this letter, is the right
time for me to request DE DOC to produce my records to
allow me the opportunity to controvert and correct any other fac-
tual errors contained in these records. I look forward to your
response. *

　　　　　　　　　　　　　Sincerely,

* no response from Rendina
as of this date, Aug. 12, 2007　　Charles F. Cardone
cfc　　　　　　　　　　　　SBI #098159-DCC prison
8-12-07　　　　　　　　　　Unit 17 · C-U-4

Westlaw.

**MHU**
**Law Library**

Date of Printing: SEP 18,2006

**KEYCITE**

ᴾChance v. Armstrong, 143 F.3d 698 (2nd Cir.(Conn.), May 07, 1998) (NO. 97-2028)

Citing References: limited to Delaware, New Jersey, Pennsylvania, selected document types
Positive Cases (U.S.A.)
★★ Cited

**H**

1   Bagwell v. Brewington-Carr, 2000 WL 1728148, *6+ (D.Del. Apr 27, 2000) (NO. CIV.A. 97-321-GMS) **HN: 12 (F.3d)**

2   Pilkey v. Monmouth County Correctional Institution, 2006 WL 1798947, *4 (D.N.J. Jun 28, 2006) (NO. CIV.A.05-5073(SRC)) **HN: 12 (F.3d)**

**C**

3   Owens v. Chester County, 2000 WL 116069, *5, 17 NDLR P 162, 162 (E.D.Pa. Jan 31, 2000) (NO. CIV. A. 97-1344) "" **HN: 16 (F.3d)**

© Copyright 2006 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.

## DELAWARE CORRECTIONAL CENTER ---- MEMORANDUM

TO:     Inmate Charles Gordon SBI# 098159 , Housing Unit SHU
VIA:    Counselor Hello .
FROM:   I.B.C.C.
DATE:   9/5/06
RE:     Classification Results

C. Catalogo
3 copies

Your M.D.T. has recommended you for the following: Cont Max/SHU

The I.B.C.C.'s decision is to:

RE: 06-646 Gms and
Petition for TRO of 11-19-07

___✓___ Approve _____

_____ Not Approve _____

_____ Defer _____

_____ Recommend _____

_____ Not Recommend _____

**BECAUSE:**

_____ Lack of program participation          _____ Time remaining on sentence
___✓___ Pending disciplinary action             _____ Prior failure under supervision
_____ Gradual phasing indicated               ___✓___ Poor institutional adjustment
_____ Open charges                            _____ Serious nature of offense
_____ Prior criminal history
_____ Failure to follow your treatment plan in that you _____

_____ You present a current and continuous danger to the safety of staff, other inmates, or the good
         order of the Institution. Explanation: _____

OTHER: 1200 8/0 7

**ADDITIONAL COMMENTS:**

_____ Develop/continue treatment plan with counselor

You will be expected to address the following:_____

Copy to: Classification
         Inmate                                 Form #456
         Institution File                       Revised 11/97

TO: Deputy Warden Dave Pierce

JAN 0 9 2007

18 BL12

RE: 06-646GMS 2nd Petition for TRO ← → cc 11-19-07

DEPUTY WARDEN I

Sir: The other inmates tell me you are in charge of these buildings back here, i.e. the MHU, SHU, and PC... here's my story — Several months ago

3 — copies

Charles E. Cardone
SBI#098159
Delaware Correctional Center
1182 Paddock Road
Smyrna, DE 19977

Second and Counselor Schrader come see me about my points... LT. Second starts showing me classification papers with points and how DOC has arrived at those point totals... I told Second the reasons the DOC had used to arrive at those points were wrong, that I had my sentencing hearing transcripts to controvert and refute the information DOC was using to arrive at my points totals. I then requested that he (Second) send allow me to access to DOC records so I may correct misinformation contained in my files. The both of them agreed to send me, or allow me to see my files for correction purposes. Since that meeting, I have written to LT. Second, Ms Forbes (Shrader), Anthony Rendina, Cindy Wright, Warden Carroll, Stan Taylor... No one will allow me access to my records. This is the reason for this letter... on Friday, Jan 5,07, Second and Aiello were on the wing... I had just gotten Aiello's lame, written excuse why I could not see my records... Second comes over and we start having words and Second says to me through the door, "If this was the old days, I'd come in there and beat your ass," then he and Aiello walked away giggling to be the rather than

... guess you could call this letter to you a complaint... I wanted you to know what, and how, LT. Secord and Aiello are handling my situation. The 2 of them are 2 more defendants I will name in my pending civil lawsuit in Wilmington (Delaware) federal court for refusing me access to my records.

In another situation... I came to B wing on November 12, 06... Sgt. Walker brought me a TV 2 weeks later, Nov. 25,... he slides this paper to me and tells me to sign it... it says the TV is in good working order... I tell Walker to come in, hook up the TV... if it is working, I will sign the paper.... Walker then says if I don't sign the paper, I don't get the TV... I tell him no, he takes the TV and leaves. —— Come ahead to Friday, Jan 5, 07... I'm getting re-shackled by Walker so I can have my visit... I ask Walker when will he bring me my TV... he says never, that I told him to shove the TV up his ass. I called him a liar ... I still have no TV... it is DOC, DCC policy for us to have TV s in our cells to ease the 47 hours, 1 hr rec/shower we must endure for our DCC infractions... Walker should not be permitted to override DOC DCC policy no matter what his reasoning is. I am requesting you, Deputy Warden Pierce to provide me with a TV in good working condition.

Respectfully Submitted,

Charles F. Cardone

SBI# 098159

Bldg (18) BL12

D - catalogue

X Sent Jan. 7, 07

D - 3 copies

H catalog

3 copies

**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

T. HENLEY GRAVES
*RESIDENT JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5257

January 24, 2007

RE: 06-646 GMS and
Petition for TRO cfc
11-19-07

Charles Cardone
SBI# 00098159
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re: Def. ID# 0409005091A

Dear Mr. Cardone:

The Court is in receipt of your letter filed January 22, 2007. As I stated in my letter dated January 2, 2007, "I fear your choices and bad behavior will result in a much longer sentence than is necessary, but it is your choice." The Court does not micro-manage the Department of Correction. Therefore, the Court does not have jurisdiction over your classification. Your request for an evidentiary hearing is denied.

IT IS SO ORDERED.

Very truly yours,

T. Henley Graves

THG:tll

cc:    Prothonotary's Office
       Department of Justice

TO: Counselor AIELLO        RE: 06-646 GMS and
                                  Petition for TRO OR
                                                 11-19-07

— Pursuant to DE ST TI 11 §6535, "Prisoners
of the Department shall have access to those portions of
the disciplinary rules that apply to them, at times deemed
reasonable and appropriate by the Commissioner. there
shall be a record of charges of infractions by inmates, any
punishments imposed"... I am now requesting you
or the current Counselor assigned to Unit 18 BL 12,
where I am currently being housed, to provide me with
the disciplinary rules that have been applied to me since
my transfer to Delaware Correctional Center from Sussex
Correctional Institution in May 23, 2005 and I am request-
ing a record of charges of infractions imposed on me along
with the punishments / sanctions that were /are being im -
posed on me as the result of those charges / infractions.

                        Charles F. Cardone
                        SBI # 098159

cc: -Judge T. Henley Graves
    -Michael R. Abram, Esquire
    -S/LT. Taylor
    -Deputy Warden Pierce
    -Deputy Warden Burris
    -Warden Carroll
    -Commissioner Danberg

OVER →

Ms Graff,

May 16, 07

I am sending you / ACLU this request to keep you informed of my attempts (abbeit feeble because of my ignorance of matters of law) at making DOC grant me access to my records. this request, which I am send- ing to this building's counselor AIELLO and to Danberg, should generate a response. the request is on the flip side of this note to you... for clarification. I may have in- formed you in previous letters, that approp. 1 year ago I was called to a meeting with LT. Secord and another counselor named Shraeder (female) for them to show me how DOC arrived at my "points" total which in turn dictates where DCC classifies my status. My present status is Maximum Security (SHU). When I pointed out to Secord and Shraeder the inaccuracies used to give me "points", the meeting was concluded with LT. Secord's assurance he would provide me w/ copies of my records so I could controvert and herefore provide a basis for DOC to re calculate my points total... well, DOC has yet to allow me as access to my records thus, I am still in this wrongful classification which has allowed DOC to abrogate my sentencing judge's order to attend a rehab followed by release...

TO: Counselor Aiello                                   June 6, 2007

From: Cardone, Charles 18BL12            A - 4 copies

RE: 06-646 GMS and Petition for TRO cfc
                    "                          11-19-07
    Your statement "Your classification will remain
max security because of a staff assault on 5/31/05.
here is a 2 year mandatory max placement which
means it will come off in May of 2007," in your
2/21/06 note to me ... has my max placement come
ff, as you state? To attend my court ordered
Greentree Program, I must sign off Protective Custody
status, is that correct? At the date of this writing, I am
informing you and Paul W Howard, Chief, Bureau of Prisons,
Delaware, I am seeking administrative review of DCC's
staff assault charge which, as you state above, is subjecting
me to " a 2 year mandatory max placement. Pursuant to: State
of Delaware Bureau of Prisons Procedure Manual Chapter 4 DOC Policy 4.2,
1. Procedure - I am requesting an administrative review because I have not
been given any entitlements as outlined in V. Procedure. Lastly, notify me
of my date of eligibility to attend Greentree Program.
                                        Charles F. Cardone
         Sent, in house mail on 6-13-07        SBI # 098159

To: Counselor Aiello                    June 6, 2001
From: Cardone, Charles 18BL12    Cat Pg 8 of 8    B Hospes

CC: Rick Kearney
Paul W Howard, Chief, Bureau of Prisons, Delaware:

The following is my "in house" note to the above coun-
selor: Your statement "your classification will remain
max security because of a staff assault on 5/31/05. there is
2 year mandatory max placement which means it will come
off in May of 2007," in your 12/21/06 note to me ... has
my max placement come off, as you state? To attend my court-
ordered Greentree Program, I must sign off Protective Custody
status, is that correct? At the date of this writing, I am inform-
ing you and Paul Howard, Chief, Bureau of Prisons, Delaware, I am
seeking administrative review of DCC's staff assault charge which, as
you state above is subjecting me to "a 2 year mandatory max placement.
Pursuant to: State of Delaware Bureau of Prisons Procedure Manual
Chapter 4 DOC Policy 4.2, V. Procedure ... I am requesting an administrative
review because I have not been given (shown) any entitlements as out-
lined in V. Procedure. Lastly, notify me of my date of eligibility
to attend Greentree Program.

                    Charles F. Cardone
                    SBI# 098159
RE: 06-646 Gms and Petition for TRO
                    CfC 11-19-07

6/22/2007

# To: Cardone, Charles (18BL12)
### SBI# 098159

✗ Cat- 3.
~~Page 1 of 5~~
Pg 5 of 8

# From: Counselor Aiello

RE: 06-646 GMS and Petition for TRO cfc
11-19-07

**As of now you are clear of the staff assault as of 5/31/07. I have spoken with my supervisor and she said to put you in for the Greentree program at SCI which is a 6 month program rather then an 18 month program. You will have to sign off protective custody in order to take part in the program. If you are willing to sign off PC I will classify you next month to the program.**

CC  Rick Kearney, BOP
    Commissioner Danberg
    DE District Ct.

Charles F. Cardone
July 23, 2007
Received

10 ...                                          June 24, 2007

Dear Mr. Kearney:  Cat  Pg 4 of 8    2   *Cat

Various agents of Delaware Department of Corrections, at Delaware Correctional Center, where I have been housed since May 23, 2005, have notified me that their ~~reason~~ reason for classifying me to my present Maximum Security Status is for a "staff assault" which allegedly occurred in May of 2005, and I am to remain at this status until August of 2007.

Therefore, I am requesting you to administratively review my classification and I am notifying you of my attempts to prevail on three claims which are highly significant: 1. Society expects me to be treated humanely and 2. I am to be provided with a fair disciplenary process when charges are brought against me arising out of alleged misconduct while incarcerated, and 3. to be free from false accusations by prison staff.

Expectantly, Commissioner Danberg has forwarded my request to him, to you, pursuant to his June 19, 2007, letter to me.

                              RE: 06-646 GMS and

**BUREAU OF PRISONS**        Sincerely,         Petition for TRO cfc
                                                           11-19-07
    **JUL 12 2007**          Charles F. Cardone - SBT# 098159

    **RECEIVED**  Commissioner Danberg, DE District Ct.
Charles F. Cardone      Tom Carroll, Warden
July 23, 2007
Received           * I have enclosed a memo              4 copies
                     from Counselor AIELLO and             cfc
                     my response to that memo
                     for your consideration ... cfc
                                7-1-07

TO: Counselor Aiello              { Cat }        * Cat # 4
RE: 06-646 GMS and                { Pg 6 of 8 }     Page 6 of 6
      Petition for TRO  etc. 11-19-07

I wasn't made with a finger ... my father
used the real thing - You classify me to the SCI
Greentree program your supervisor told you to
put me in, bring me the classification papers *
to sign, give me a copy and then I will sign
off PC.

                    Charles F. Cardone        } July 23, 2007
* Form #456         SBI # 098159             } Received
                    18 BL12 - DCC prison     }

                    cc   Rick Kearney, BOP
                         Commissioner Danberg
                         U.S. DE District Ct.



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
245 McKEE ROAD
DOVER, DE 19904

Carl C. Danberg
Commissioner

(302) 739-5601
Fax:    (302) 739-8221

July 5, 2007

Charles Cardone
SBI# 098159
DCC Unit 18-B-12
1181 Paddock Road
Smyrna, DE 19977

$RE: 06-646 GMS$ and
Petition for TRO of
$11-19-07$

Dear Mr. Cardone,

I am in receipt of your June 11th letter regarding correspondence dated May 11th. I have not received any correspondence from you dated May 11th. I have received a letter dated May 8th.

I acknowledged the May 8th letter on June 19th and assigned the Chief of Prisons to review your letter. If you have sent me another request, you will need to sent it again as I do not have it.

Sincerely,

Carl C. Danberg
Commissioner

Cc:    T# 237

CCD:lmd



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
**BUREAU OF PRISONS**
245 MCKEE ROAD
DOVER, DELAWARE 19904
Telephone: (302) 739-5601
Fax: (302) 739-8221

*✗ Cat —*
*1.*
*Page 4 of 5*
*Pg 3 of 8*

## MEMORANDUM

TO:         Inmate Charles Cardone
            DCC, SBI #098159

FROM:       Richard A. Kearney   *R.K.*
            Bureau Chief of Prisons

DATE:       July 12, 2007

RE:         **Correspondence of June 24, 2007**

*RE : 06-646GMS and*
*Petition for TRO*
*Cfe 11-19-07*

In response to your letter dated June 24, 2007, you have received due process in both disciplinary and classification proceedings.   You appear to be appropriately housed.

RAK/csd
Cc:   Warden Tom Carroll, DCC
      File

*Charles F. Cardone*
*July 23, 2007*

*Received*

TO. (Commissioner Yancy, DOC DE    11-19-2007

RE: Richard A. Kearney
    Bureau Chief of Prisons

Cat
Pg 2 of 8

X 1 Sent this
to Danberg on
Aug 7, 2007 by
Pay to

Dear Mr. Danberg,

For your consideration I am enclosing Chief
Kearney's July 12, 2007 Memo to me, and, I am
also enclosing for your consideration my (a copy) June 6, 07,
letter to Mr. Kearney. Mr. Kearney's July 12, 2007 memo
to me is his response to my June 6, 07, request to him.

I wish to appeal his response. I am advising you
that as of August 11, 2005, I have been wrongfully squirreled
away in SHU/MHU for a "staff assault" that never took
place and I have not been shown any of my stated
entitlements, as outlined in State of Delaware Bureau of
Prisons Procedure Manual Procedure Number: 4.2, Re-
lated ACA Standards, Rules of Conduct in re the above
"staff assault". At this time, via this letter, I am request-
ing your intervention, and correction, of Chief Kearney's un-
informed and erroneous July 12, 2007 memo to me and/or
at the very least, provide me with copies of any/all paper-
work associated with the above "staff assault" that has been
used by your DOC to place me in the SHU until August/07.

RE: 06-646 GMS and
Petition for TRO cfc 11-19-07

thank you,
Charles F. Cardone
SBI # 098159

# 10

# M E M O

TO: I/M Charles Cardone #098159

FROM: Brian Engrem, SHU Law Library Paralegal

DATE: July 31, 2007

RE: Photocopy Request

Your photocopy request addressed to Commissioner Danberg is denied. Your document is addressed to the Commissioner of the Department of Correction. This is not considered legal photocopies. You have the option of sending your request to the Business Office with a pay-to ($.25 cents/page). You must have sufficient funds in your account for this transaction.

✗ this denial of my request of Brian Engrem
to provide copywork at no expense to me,
a plaintiff, is typical of the numerous
obstacles pro se prisoners endure everyday
since the enactment of PLRA and the
willingness of the many judges, state +
federal, to not make waves ... Justice
O'Connor will be sorely missed

RE: 06-646 GMS and
     Petition for TRO  cfc
                        11-19-07

Cc: File

TO: Honorable Mary Pat Thynge                        Aug. 5, 2007

RE: Civil actions : 05-536 ~~xxx~~ JJF
                    06-151 ~~xxx~~ JJF
                    06-152 ~~xxx~~ JJF                        cfc
                                                          11-19-07

Dear Judge Thynge :        RE: 06-646 GMS and Petition for TRO

On March 6, 2007, you granted my request "to dismiss each of the above actions" with "leave to re-file on or before September 7, 2007"... allow me to thank you for granting my request as well as opposing counsel to not argue a-gainst my request. — Judge Thynge, the Court is in receipt of my letter to you (stamped "Filed Mar-5 2007") in which I state "my refiling by that date will be contingent on my return to "general population" so I may have physical access to this prison's law library".... well, judge, I am, at this writing, still being held at SHU status with no meaningful access to the courts by reason of administrative segregation, inter alia, and, inadequate access to legal re-search materials and assistance. I have quoted the latter from ALLAH V. SEIVERLING, 229 F.3d 220 (3rd Cir., 2000) a similar situation as of mine, therefore, I must request you and opposing counsel ~~counsel~~ for a 90 day continuance to refile the above civil actions in my expectation of being returned to the general population of DCC prison.

Respectfully submitted,
Charles F. Cardone

CC: Amy A. Quinlan
    Stacey Xarhoulakos          Charles F. Cardone
    Daniel A. Griffith          SBI# 098159
    Dana Spring Monzo
         Daniel L. McKenty      * Sent out on pay to s
                                   on all
- Attys. for defendants —

Westlaw.

DE ST TI 11 § 6535
11 Del.C. § 6535


Law Library

Page 1

**C**
*WEST'S* DELAWARE CODE ANNOTATED
TITLE 11. CRIMES AND CRIMINAL PROCEDURE
PART IV. PRISONS AND PRISONERS
CHAPTER 65. DEPARTMENT OF CORRECTION
SUBCHAPTER VII. DISCIPLINE, MEDICAL CARE AND DISCHARGE

→§  6535. Discipline

The Department shall promulgate rules and regulations for the maintenance of good order and discipline in the facilities and institutions of the Department, including procedures for dealing with violations.  Prisoners of the Department shall have access to those portions of the disciplinary rules that apply to them, at places and times deemed reasonable and appropriate by the Commissioner.  There shall be a record of charges of infractions by inmates, any punishments imposed and of medical inspections made.

Current through 75 Laws 2006, ch. 441.
Revisions to Acts from the Second Regular Session 143rd General Assembly made by the Delaware Code Revisors were unavailable at time of publication.

Copr.   2006 Thomson/West.

END OF DOCUMENT

— This Delaware Dept of Corrections
past + present, continue to violate their
own rules + regulations unless a prisoner
plaintiff is fortunate enough to be "let in"
and have access to our Courts as defined
in our Bill of Rights and our Constitutional
Amendments.

RE: 06-6M
RE: 06-646 GMS and
Petition for TRO

cfc
11-19-07

Law Library

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



FM Charles Z. Cardona

SBI# 098659 UNIT 18-CWR

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977

Legal Ma

* Pro se Law Clerk

U.S. District Court

844 King St., Lockbox 18

Wilmington    DE

19801

* 06-646 GMS *

U.S.M's
X-RAY

Pro-ma

UNITED STATES POSTAGE
02 1A
0004508975
MAILED FROM ZIP CODE 19977
$ 01.31°
NOV 20 2007
PITNEY BOWES